## Elsie Barbara Riglesberger v. Charles E. Riglesberger.

(Decided January 25, 1927.)

Appeal from McCracken Circuit Court.

1. Divorce—Absolute Divorce from Wife for Adultery and Lewd and Lascivious Conduct Held Sustained by Evidence.—Evidence held to sustain decree granting absolute divorce on grounds of adultery and lewd and lascivious conduct.

2.   Divorce—Refusal to Cancel Contract for Property Settlement for
     Fraud and Duress and to Award Alimony Held Sustained by Evi-
     dence.—In divorce actions, evidence held to sustain decree refus-
     ing to cancel property settlement on ground of fraud and duress
     and to award alimony.

L. B. ALEXANDER, C. C. GRASSHAM and J. B. ALLENSWORTH
for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-
ing.

These two actions were commenced in the McCracken
circuit court about the same time, one by the husband,
Charles E. Riglesberger, against the wife for absolute
divorce on the grounds of adultery and lewd and lasci-
vious conduct, the other by the wife against the husband
for divorce and alimony and for a cancellation of a writ-
ten contract made by the parties after their separation,
settling and fixing their property rights, and releasing the
husband from the payment of any further sum for ali-
mony and maintenance. She charged that the contract
was obtained by fraud and duress and for that reason
was void. The duress charged by her consisted of state-
ments made by her husband and his lawyer to the effect
that if she did not sign the contract that her immoral
conduct would be exposed and she would thus be ruined.
The evidence for the wife upon this point is very meager
and unsatisfactory. The husband denies the fraud and
duress and says that the contract was made at the in-
stance of the wife and her father, who was surety for the
husband and who desired the husband to mortgage him
certain property to protect him against loss on account
of his suretyship, and which was done very soon after
the contract sought to be cancelled by this action was
commenced. In the petition by the husband for divorce
it was averred that the wife had been unfaithful to her
marriage vows and had been guilty of adultery and lewd
and lascivious behavior with other men, drunkenness and
other bad conduct. The infidelity of the wife was estab-
lished by the evidence. She was frequently found in
company with another man for whom she showed a great
preference, and that on one or more occasions when the
husband was away at night this man came to her home

and the lights were turned out and the doors locked, and when the police officers entered on one occasion they found the lights out, the wife partially dressed in a bedroom with the man hiding nearby in the rear bedroom. The husband declined to live with her thereafter and immediately instituted this action for divorce. There is but little controversy about the facts, but a slight effort to justify the wife's conduct. Such excuses as were offered by the wife amount to this: That the husband did not stay at home at night but went out and gambled, frequently taking her along, introduced her to traveling men with whom she drank intoxicating liquors in his presence. She admits her husband did not drink, but she drank frequently with other men. She testified that he gambled at the hotel, club and at their home. He denies this, and says that while he played cards with his friends he never gambled, and it is shown by the evidence that he never drank. He was a business man, apparently devoted to his business. They had a good home and lived well, and he seems to have been an indulgent husband.

The contract of which she complains and now seeks to have cancelled divided their personal property, giving to her a certain part and to him a certain part. The home was to be deeded to the husband, who had bought it and partly paid for it, this home to be mortgaged to the father of the wife to secure him as surety for the husband. The father seems to have taken an active hand in the negotiations which led to this contract and she was also advised by able counsel. There is no substantial evidence upon which the chancellor could have found that the contract was procured by fraud or by duress, and we can find no error in his judgment declining to cancel the contract and to award the wife alimony. Neither is there error in the decree based upon evidence awarding the husband an absolute divorce.

For the reasons indicated the judgment in each case is affirmed.

Judgment affirmed.